2011 UT App 221

**STATE of Utah, in the interest of P.N., a person under eighteen years of age.**

**State of Utah, Appellee,**

v.

**P.N., Appellant.**

**No. 20090443–CA.**

Court of Appeals of Utah.

July 8, 2011.

Sam N. Pappas, Salt Lake City, for Appellant.

Mark L. Shurtleff and Kenneth A. Bronston, Salt Lake City, for Appellee.

Before Judges McHUGH, THORNE, and ROTH.

## MEMORANDUM DECISION

THORNE, Judge:

¶ 1 P.N. appeals from his adjudication of two counts of aggravated robbery and two counts of aggravated assault with a weapon or force. Specifically, P.N. argues that the eyewitness identification evidence was insufficient to support his convictions and that the juvenile court erred in admitting evidence of his prior juvenile adjudication for aggravated assault. We affirm.

### I. Insufficiency of the Evidence

¶ 2 P.N. argues that the eyewitness evidence is not sufficient to support the juvenile court's findings pertaining to the positive identification of P.N. "When reviewing a bench trial for sufficiency of evidence, we must sustain the trial court's judgment unless it is against the clear weight of the evidence, or if the appellate court otherwise reaches a definite and firm conviction that a mistake has been made." *State v. Larsen,* 2000 UT App 106, ¶ 10, 999 P.2d 1252 (internal quotation marks omitted). Because P.N. is arguing insufficiency of the evidence on appeal, he "has the heavy burden of marshaling the evidence in support of the verdict and showing that the evidence, viewed in the light most favorable to the verdict, is insufficient." *Balderas v. Starks,* 2006 UT App 218, ¶ 21, 138 P.3d 75 (internal quotation marks omitted). To properly discharge this marshaling duty, P.N. must "present, in comprehensive and fastidious order, every scrap of competent evidence introduced at trial which *supports* the very findings [P.N.] resists." *State v. Hodge,* 2008 UT App 409, ¶ 17, 196 P.3d 124 (internal quotation marks omitted). "Failure to marshal the evidence waives an appellant's right to have his claim of insufficiency considered on appeal." *State v. Gallegos,* 851 P.2d 1185, 1189–90 (Utah Ct.App. 1993).

¶ 3 In this case, P.N. fails to meet his marshaling burden. Rather than presenting the evidence in support of the verdict, P.N. selectively presents evidence in support of his argument that the victims' identifications are unreliable and omits the evidence most damaging to his defense. For example, P.N. emphasizes the evidence that suggests the assailants were unidentifiable and omits the evidence positively identifying P.N. as one of the assailants. Although P.N. concedes that he was dressed similarly to the assailants, he neglects to mention the evidence that the bus stop had lights enough to see faces and one of the victims briefly conversed with the assailants, giving him an opportunity to look at the assailants, including P.N., before anyone hit him or displayed a gun. This evidence clearly supports the juvenile court's finding that the victims had the capacity to identify P.N.[1] and that the victims had positively identified P.N. based on several key identifying features. P.N.'s reiteration of the alleged weaknesses in the eyewitness evidence does not adequately marshal the evi-

---

1. The juvenile court found in its written order "that the eye witness[es]' testimonies are strong." The court stated in its oral ruling that the eye witness testimony [was] strong, not necessarily because [of] the eyeball opportunity, but also because of the clothing that [P.N.] was wearing at the time and the opportunity that they had to view him close to the crime scene thereafter, after the actual incident. And, also the time hadn't lapsed that much. It

dence that immediately after the attack, the victims recognized P.N. at a nearby convenience store. Upon being recognized P.N. responded by "hurr[ying] up ... [and] trying to act not too obvious about it." P.N. was wearing a black hoody with a distinctive logo and glasses. Before officers conducted the showup, they "essentially told the two victim witnesses ... that even though [P.N.] was handcuffed he may not be a suspect." Thereafter, both victims informed police that P.N. was not wearing the glasses he had worn during the assault. Subsequently, P.N.'s glasses were discovered in the officer's squad car. As a result, we reject P.N.'s argument that the evidence was insufficient to support the juvenile court's verdict because he has failed to adequately marshal the evidence in support of the verdict before challenging its sufficiency to support the findings and the verdict.

## II. Admission of Evidence

¶ 4 P.N. next argues that rule 609(d) of the Utah Rules of Evidence provides that evidence of prior juvenile adjudications is generally not admissible, and therefore the juvenile court erred in admitting testimony of his prior adjudication. During cross-examination of P.N., the prosecutor inquired about P.N.'s criminal history, and P.N. admitted to having "a history," whereafter defense counsel objected to the admittance of evidence pertaining to P.N.'s previous felony. In this case, the juvenile court judge was also the judge in the prior adjudication. The court informed defense counsel of this. Defense counsel, upon learning of the situation, did not request a recusal under section 63(b) of the Utah Rules of Civil Procedure. Instead, counsel affirmatively waived his objections to the admission of the

prior adjudication evidence when he stated he would "[l]et that go because I think Your Honor has a memory and can't expunge that." When defense counsel's actions amount to an active, as opposed to a passive waiver of an objection, we may decline to consider the claimed error even if the error equates to plain error.[2] *See State v. Bullock,* 791 P.2d 155, 158 (Utah 1989) ("[I]f trial counsel's actions amounted to an active, as opposed to a passive, waiver of an objection, we may decline to consider the claim of plain error."). A court may infer from the record whether defense counsel affirmatively waived the objection. *See id.* at 159 (considering the actions of defense counsel to determine whether counsel's failure to object was part of the trial strategy); *State v. Hall,* 946 P.2d 712, 717 (Utah Ct.App.1997) (finding defense counsel had allowed objectionable testimony as part of trial strategy). Defense counsel's statement, in the case at hand, clearly demonstrates a decision to relinquish the objection to the prior adjudication evidence. As such, we do not consider this issue.

¶ 5 Alternatively, even if we were to determine that the juvenile court erred in admitting the evidence, we will not disturb a conviction if we conclude that the error was harmless. *See State v. Ramsey,* 782 P.2d 480, 485 (Utah 1989). The juvenile court made no reference to P.N.'s prior adjudication in its findings of fact, thereby indicating that the court did not consider P.N.'s prior adjudication when assessing his guilt in the instant matter.[3] *See State v. Rhinehart,* 2006 UT App 517, ¶ 28, 153 P.3d 830 ("An error is harmless when it is sufficiently inconsequential that we conclude there is no reasonable likelihood that the error affected the outcome of proceedings." (internal quotation marks omitted)); *In re R.D.S.,* 777 P.2d

---

was close in time, close to the crime scene where he was seen.

2. P.N. has not argued that the juvenile court committed plain error, nor has he demonstrated that the issue was preserved after defense counsel affirmatively waived his previous objection to the evidence that P.N. had "a history." Further, P.N. has not argued that the affirmative waiver of the objection amounted to ineffective assistance of counsel.

3. The only mention of P.N.'s prior adjudication came after the juvenile court assessed P.N.'s guilt

in the instant case. After adjudication, the juvenile court judge expressed that he was saddened because "I had you in my court and [tried] to help you. And you actually made some progress in terms of your thinking and your situation. But this is a very brutal attack. Brutal." And, during disposition, the court explained the State's sentencing recommendation to the victims' mother and mentioned that P.N. had committed an aggravated assault previously and discussed efforts previously taken to rehabilitate P.N.

532, 535 (Utah Ct.App.1989) ("It is presumed that the judge will not consider matters which are inadmissible when making findings."). As a result, we conclude that any error in the admission of the evidence is harmless.

¶ 6 Based on the decision of P.N.'s counsel not to request a recusal under rule 63(b) of the Utah Rules of Civil Procedure and counsel's statement that he would relinquish his objection to evidence of P.N.'s prior adjudication, we conclude that P.N.'s counsel waived his objections to the admission of the prior adjudication evidence. As a result, we need not consider this issue further. However, even if admission of the prior adjudication evidence was error, we conclude that the error was harmless because the record indicates that the juvenile court did not consider P.N.'s prior adjudication when assessing his guilt in the matter.

¶ 7 Based on the foregoing, we affirm the juvenile court.

¶ 8 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge, and STEPHEN L. ROTH, Judge.